LOBRANO, Judge.
This appeal arises out of a workman’s compensation suit filed by Hudson D. Polk, appellee, against Dickey Foods, Inc. and its insurer, Liberty Mutual, appellants. There are two issues raised for this Court’s review. First, appellants contend that Polk failed to prove a causal relationship between his May 5, 1977 accident and his resulting disability, and second, that the action has prescribed because appellee failed to institute proceedings within one year from the date of the last compensation payment.
On May 5, 1977, while working as a fork lift operator for Dickey Foods, Inc., appel-lee sustained an injury to his lower back when he slipped on a greasy substance while trying to pick up a palate board. Initially, he was referred to the company physicians Drs. Houston, Roy and Faust who treated him for approximately nine (9) weeks for lumbar strain. He was then discharged to return to work. Appellee attempted work but had difficulties because of back pain. His testimony reflects that he worked for short periods of time during the next year, and had to refrain from any heavy work because of pain.
In May and October of 1978 appellee saw the same group of doctors complaining of pain in his left shoulder. The notes of Dr. Faust indicate there was “[N]o known injury at the time.” Appellee saw Dr. Claude Williams first on August 17, 1977 wherein his opinion was that Polk sustained a contusion or lumbar strain. X-rays taken at the time revealed a slight sprain problem with the L-5 and S-l disc space.
On July 5, 1979 appellee again visited Dr. Williams with continued pain in the lumbar area. According to Dr. Williams the complaints were basically the same as those made in August of 1977. Additional X-rays taken at that time revealed the same problem at the L-5 and S-l disc space. Appel-lee was admitted to Southern Baptist Hospital where a myelogram was performed, the results of which indicated surgery was necessary. Surgery was subsequently performed and on December 10, 1979 Dr. Williams gave appellee a 15% disability of the whole body.
The trial court awarded appellee compensation at the rate of 66⅜% of his wages for a period of 450 weeks, all in accordance with R.S. 23:1221(3). In his reasons for judgment, the trial judge stated “... the Court finds the injury by the plaintiff re- *1267 suited from the incident of May 5, 1977_” We agree.
Appellants argue that Polk failed to prove causation by a preponderance of the evidence.[1] We disagree. In. the recent case of Robertson v. Scanio Produce, 449 So.2d 459 (La.1984), our Supreme Court, in addressing the issue of causation, stated:
“The causal relationship between a work accident and an employee’s disability may be inferred when there is proof of an accident and .an ensuing disability without an intervening cause. In evaluating the evidence, the trier of fact should accept as true, the uncontradicted testimony of a witness, even though the witness is a party, at least in the absence of circumstances in the record furnishing a sound reason for its rejection.” Id. at 460.
It is clear to this court that appellee has carried the burden required of him by the Robertson case, supra. Appellant has failed to prove any interveening accident or cause. At best, there is mere speculation as to whether the July 1979 visit to Dr. Williams was precipitated by another “accident”, or was merely a continuation of the pain resulting from the May 1977 occurrence. We accept the trial judge’s findings in this regard.
PRESCRIPTION
La.R.S. 23:1209 provides in part:
“In case of personal injury including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in case of benefits payable pursuant to R.S. 23:1221(3), this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4)....”
It is clear that in the instant case appellee filed suit, and recovered under the provision of R.S. 23:1221(3). Therefore, the three years and not the one year prescriptive period is applicable.
Accordingly the judgment of the lower court is affirmed. Appellants to pay all costs.
AFFIRMED.

. See Martin v. Zachry, 424 So.2d 1002 (La. 1982); West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979).